IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Bocchi Americas Associates, Inc. | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-02411 |
| | § | |
| Commerce Fresh Marketing Inc.; | § | |
| Diran A. Elsaifi | § | |
| | § | |
|     Defendants. | § | |

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On November 16, 2004, the parties consented to proceed before a United States Magistrate Judge, for all further proceedings, including trial and entry of final judgment, under 28 U.S.C. § 636(c). (Docket Entry # 16). In this action, Plaintiff Bocchi Americas Associates, Inc. ("Plaintiff," "Bocchi") claims that Defendants Commerce Fresh Marketing, Inc. ("CFM") and Diran A. Elsaifi ("Elsaifi") (collectively "Defendants") have not paid for agricultural commodities they contracted to purchase. (Complaint, Docket Entry # 1). Defendants have moved for summary judgment, in their favor, on Plaintiff's claim under 7 U.S.C. § 499a, *et seq.*, the Perishable Agricultural Commodities Act ("PACA"). (Defendants' Motion for Summary Judgment ["Motion"], Docket Entry # 20). Plaintiff has responded to that motion, and Defendants were permitted to reply. (Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ["Plaintiff's Response"], Docket Entry # 26; Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment ["Defendants' Reply"], Docket Entry # 27). On September 13, 2005, the parties were allowed to argue their motions and to submit supplemental briefing. (Defendants'

Supplemental Brief in Support of Summary Judgment ["Defendants' Supplement"], Docket Entry # 31; Plaintiff's Supplemental Memorandum of Law in Opposition to Motion for Summary Judgment ["Plaintiff's Supplement"], Docket Entry # 33).  After review of the motion and argument, the evidence submitted, and the applicable law, it is ORDERED that Defendants' motion for summary judgment on Bocchi's claim under PACA, is DENIED. The court concludes that a genuine issue of material fact remains on whether Plaintiff waived its rights under that statute.

**Background**

This lawsuit is, in essence, an action on a debt which CFM and Elsaifi allegedly owe for the purchase of produce.  Bocchi, a wholesale supplier of fresh fruit and vegetables, sold a number of perishable agricultural commodities to Defendants and it now complains that it never received payment for those goods.  Bocchi's transactions with CFM are evidenced by a series of invoices dating from December 10, 2002, through June 27, 2003. (Complaint at ¶ 9).  With each delivery, Bocchi submitted an invoice which recited that the commodities were sold subject to a statutory trust until full payments were made.  (Motion, Ex. 2: Bocchi Statement; Thomas J. Leonardi's Deposition, Ex. 8, Docket Entry # 24).  Bocchi claims, however, that CFM has failed to pay for many of those deliveries, and that, to date, more than $140,000 is still owing. (Thomas J. Leonardi's Declaration in Support of Plaintiff's Opposition to Motion for Summary Judgment ["Leonardi Decl."] at ¶ 6(a), Docket Entry # 24).

From the pleadings, exhibits, and argument of counsel, the court assumes that the last purchase was invoiced on June 27, 2003, and when payment was not received, CFM's credit was extinguished.  Since that time, the parties have had many discussions about the outstanding debt. CFM alleges that, on the date of the last invoice, Elsaifi, its corporate representative, sent Bocchi

a check for $2,000. The check was allegedly accompanied by a letter requesting that Bocchi accept weekly payments, in that amount, until the remaining balance was paid. (Motion at ¶ 18, Ex. 1: June 27, 2003 Letter). Although Bocchi claims that it never received such a letter from Elsaifi, it nevertheless accepted seven individual payments, of $2,000 each, which were applied to the unpaid invoices. (Motion at ¶ 20, Ex. 2: Bocchi Statement, Ex. 9: Leonardi Depo. at 54-55). On December 9, 2003, many months after CFM's default, Bocchi faxed a letter to CFM demanding that it satisfy the outstanding debt. (Motion, Ex. 8: December 9, 2003 Fax, Ex. 9: Leonardi Depo. at 12-14). In that letter, Thomas J. Leonardi ("Leonardi"), Bocchi's corporate representative, asked Elsaifi to send weekly payments, beginning December 15, 2003, through January 12, 2004, to settle three overdue invoices. (Motion, Ex. 8). It is undisputed that, to date, the overdue amount has not been paid.

Accordingly, Bocchi filed this lawsuit on June 23, 2004. (Docket Entry # 1). Less than one month later, CFM proposed to make $2,000 monthly payments until the end of 2004 and then to increase the amount of each payment to $5,000. (Motion, Ex. 4: July 13, 2004 Letter). There is no evidence, however, of Plaintiff's express agreement to this proposal. (*Id*.). Three days later, Leonardi faxed Elsaifi another letter, demanding that the balance be paid in full immediately. (Motion at ¶ 21, Ex. 5: July 16, 2004 Fax). In that letter, Leonardi stated that,

> [a] set monthly payment has never been agreed nor your proposed $2000.00 monthly payout cannot be deemed acceptable. All files must be paid as invoiced to you as stated. Don, you have promised to pay complete invoices in full within a year's time and only limited file payments have been done.

(*Id*.). Further, on November 10, 2004, nearly five months after this lawsuit was filed, the parties entered into an agreement for Defendants to pay all outstanding balances, with scheduled payments to begin in November 2004, and to continue through July 2005. (Motion at ¶¶ 25-29, Ex. 6:

3

November 8, 2004 Letter). Apparently, CFM made only two payments, of $5,000 each, and has not yet satisfied its admitted obligation to Bocchi. (*Id.*).

Through this lawsuit, Bocchi hopes to recover under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. § 499a, *et seq.*, on the theory that a trust has been created in its favor. (Complaint at ¶¶ 7-16). Bocchi asks the court to find that Defendants are liable for a breach of that trust, and that Elsaifi is individually liable for breaching his duties as a fiduciary of the alleged PACA trust. (*Id.* at ¶¶ 28-31). In response, Defendants argue that Bocchi is not entitled to trust protection under PACA, because it waived any such right by its agreement to extend the statutory time limit for payment. (Motion at ¶¶ 10-29). Further, Defendants claim that Elsaifi should not be held personally liable, because if the PACA trust protection has been waived, there is no basis for an individual claim against him. (*Id.* at ¶ 30).

**Standard of Review**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *Id.* When the moving party has met its Rule 56 burden, the non-movant cannot

survive a motion for summary judgment by resting merely on the allegations in its pleadings. *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995). If the movant does meet its burden, the non-movant must go beyond the pleadings and designate specific facts to show that there is a genuine issue for trial. *Little*, 37 F.3d at 1075. Further, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Webb v. Cardiothoracic Surgery Assocs.*, 139 F.3d 532, 536 (5th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there are issues of fact remaining for trial. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence presented to rebut the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). But, in deciding a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 248. However, "Rule 56 mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of poof at trial." *Little*, 37 F.3d at 1075.

**Discussion**

Bocchi's lawsuit is based, in part, on the statutory protection that is extended to produce wholesalers under 7 U.S.C. § 499a, *et seq.*, the Perishable Agricultural Commodities Act of 1930 ("PACA"). That statute was enacted "to regulate the sale of perishable commodities and promote fair dealing in the sale of fruits and vegetables." *Reaves Brokerage Co., Inc. v. Sunbelt Fruit &*

*Vegetable Co., Inc*., 336 F.3d 410,413 (5th Cir.2003). In relevant part, the statute provides that a dealer who receives goods or derives proceeds from a wholesaler's wares, is to hold those items in trust for the benefit of the unpaid seller. 7 U.S.C. § 499e(c)(2) (2005). That particular provision, in fact, creates a "'floating' trust in favor of sellers on the perishable commodities sold and the products and proceeds derived from the commodities." *Reaves Brokerage*, 336 F.3d at 413. That trust is effective immediately upon the delivery of the goods. *Id*. Under the general statutory language, a dealer must be paid promptly for a produce shipment, and the regulation is explicit that a violation occurs if that payment is not received within ten days. 7 U.S.C. § 499b(4); 7 C.F.R. 46.2(aa). However, a seller can participate in those trust benefits only by faithful compliance to the statute and the regulations attendant to it. Those regulations mandate that "[t]he maximum time for the payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance of the commodities . . . . " 7 C.F.R. 46.46(e)(2). That is, if a seller agrees to extend, for more that thirty days, the time in which it is to be paid for a produce delivery, it may no longer assert any right to a PACA trust.

In this suit, Bocchi purports to enforce its rights under PACA for the amounts owing on the unpaid CFM invoices. Defendants contend, however, that Plaintiff has waived its right to any trust benefits because it agreed, in a number of different ways, and on a number of different occasions, to extend the time that CFM would be allowed to pay for the produce. After a thorough review of the law, the pleadings, and in deference to the arguments by counsel, the court concludes that a genuine issue of material fact precludes summary judgment in this matter. Specifically, the court is persuaded by those decisions from both the Seventh and the Second Circuit Courts of Appeals holding that a "post default" agreement to extend the payment period is inconsistent with the prompt

6

payment objectives on which PACA was grounded.  The court concludes that such agreements can, in fact, result in a waiver of the trust benefits.  *See American Banana Co. Inc., v. Republic National Bank of New York, N.A.,* 362 F.3d 33, 44 (2nd Cir. 2004);  *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002); *Greg Orchards & Produce, Inc. v. Roncone*, 180 F.3d 888, 892 (7th Cir. 1999); *In re Lombardo Fruit and Produce Co.*, 12 F.3d 806, 809 (8th Cir. 1993).  The court is also persuaded by the Second Circuit's reasoning in *American Banana,* that not only written post default agreements, but also oral post default agreements can result in a waiver of the trust protection.  *American Banana*, 362 F.3d at 46-47.  At issue then is whether Bocchi's conduct, as Defendants contend, amounts to a waiver of the PACA benefits in this instance.

Here, in support of its claim that Plaintiff is not entitled to PACA trust protection, CFM points to the parties' dealings, as evidenced by the letters and invoices exchanged during their business relationship.  This correspondence does, at a minimum, raise an issue on whether Leonardi acquiesced to CFM's delay in paying the invoices after December 2002.  CFM also relies on the written agreement which the parties drafted after the lawsuit was filed, as evidence that Bocchi knowingly surrendered its trust protection.  From the record as a whole, the court finds that a fact issue exists as to whether Bocchi agreed to allow CFM to repay its debt "in full within a year's time." (Motion, Ex.5: July 16, 2004 fax).  If so, Bocchi has waived its right to the protections of the PACA trust.  But, as that decision requires credibility findings, the court concludes that the Defendants' motion for summary judgment should be **DENIED**, so that testimony on the purported agreement to extend the time to pay the debt can be elicited at trial.

**Conclusion**

Based on the foregoing, it is ORDERED that the Defendants' motion for summary judgment is **DENIED**.

The Clerk of the Court shall enter this order and provide a true copy to all counsel of record.

SIGNED at Houston, Texas, this 28th day of November, 2005.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**