IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Bocchi Americas Associates, Inc. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-02411 |
| | § | |
| Commerce Fresh Marketing Inc.; | § | |
| Diran A. Elsaifi | § | |
| | § | |
| Defendants. | § | |

CONCLUSIONS OF LAW

    1.    Venue and jurisdiction are proper in this court, as both Plaintiff and Defendants conduct business in the Southern District of Texas, and the facts which led to this litigation occurred in whole, or in part, in this district, as well.  Accordingly, jurisdiction is established under both 28 U.S.C. § 1331, and 7 U.S.C. § 499e(b).

    2.    On November 16, 2004, the parties consented to proceed before a United States magistrate judge, for all further proceedings, including trial and entry of final judgment, under 28 U.S.C. § 636 (c).  (Docket Entry # 16).

    3.    Under the Perishable Agriculture Commodities Act, ("the PACA") 7 U.S.C. § 499a et. seq., if a seller agrees, whether orally or in writing, to an extension of the time allowed to pay outstanding invoices, for a period which exceeds thirty days after delivery, it forfeits the trust protections under that statute. *See Am. Banana Co., Inc. v. Republic Nat. Bank of N.Y., N.A.*, 362 F.3d 33, 47 (2nd Cir. 2004).

4.  Bocchi entered into multiple agreements with CFM to extend the period for payment on outstanding invoices. Those extensions were beyond the thirty day period deemed to be the extreme limit to "prompt payment" under 7 C.F.R. § 46.46(e)(2).

5.  Bocchi's agreements are reflected in the following conduct: (1) Plaintiff repeatedly accepted and cashed checks for incremental payments, including the check dated June 27, 2003. (2) Tom Leonardi sent a facsimile to Diran Elsaifi, on December 9, 2003, in which Leonardi outlined a payment schedule. (3) Tom Leonardi acknowledged, in the facsimile sent July 16, 2004, a prior oral agreement with Elsaifi to pay off the balance in full within one year; and (4) on November 10, 2004, both Bocchi and CFM executed a written agreement to pay the remaining debt in installments of $5,000.00 each.

6.  Extending the PACA trust protection to Bocchi, after it repeatedly agreed to allow CFM to make deferred payments, defeats the central purpose of that statute and encourages the risk of financial collapse in the produce industry. *Patterson Frozen Foods, Inc. v. Crown Foods Int'l.*, 307 F.3d 666, 671 (7th Cir. 2002); *see also Greg Orchards & Produce, Inc., v. Roncone*, 180 F.3d 888, 892 (7th Cir. 1999) ("By disqualifying suppliers who enter into post-default agreements that violate PACA, we can ensure that the extraordinary protection provided by PACA is not enlarged beyond its intended scope."); *Tri County Wholesale Produce Co. v. U.S.D.A.*, 822 F.2d 162, 163 (D.C. Cir. 1987) (noting that a primary "'goal of [PACA is] that only financially responsible persons should be engaged in the businesses subject to the Act.'" (quoting *Finer Foods Sales Co., Inc. v. Block*, 708 F.2d 774, 782 (D.C. Cir. 1983)) (alteration in original).

7. "PACA and PACA trust rights are designed to protect small produce sellers who operate in a cash market and depend upon prompt payment to survive." *Patterson Frozen Foods*, 307 F.3d at 671.

8. Because Bocchi repeatedly agreed to extend the payment period, beyond thirty days following delivery of the produce, it forfeited the PACA trust protections under which it attempted to recover in this case. *See Am. Banana Co., Inc. v. Republic Nat. Bank of N.Y., N.A.*, 362 F.3d 33 (2nd Cir. 2004), (oral agreement); *Patterson Frozen Foods*, 307 F.3d 666 (7th Cir. 2002), (written agreement); *Greg Orchards & Produce, Inc., v. Roncone*, 180 F.3d 888, 892 (7th Cir. 1999), (written agreement); *In re Lombardo Fruit & Produce Co.*, 12 F.3d 806, 809 (8th Cir. 1993), (written agreement); *Overton Distribs., Inc. v. Heritage Bank*, 340 F.3d 361 (6th Cir. 2003), (written agreement).

9. Defendants have shown that Leonardi made an oral agreement to extend the payment terms, and that the agreement was outside the purview of the statute of frauds. TEX. BUS. & COM. CODE ANN. § 26.01(a) (2005); *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 486, 489 (Tex.1991); *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex. 1982); *Bank of El Paso v. T.O. Stanley Boot Co., Inc.* 809 S.W.2d 279, 284 (Tex. App. - El Paso 1991), *aff'd in part, rev'd in part on other grounds*, 847 S.W.2d 218 (Tex. 1992); *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex.App.- Houston [1 Dist.] 2002, pet. denied); *Copeland v. Alsobrook*, 3 S.W.3d 598, 605 (Tex. App. - San Antonio 1999, pet. denied).

10. Even if the statute of frauds governs any of the agreements, Bocchi, through Leonardi, executed writings sufficient to satisfy its requirements.

11. Because Bocchi forfeited its rights, under the PACA trust provisions, Elsaifi had no duty to Plaintiff, and is therefore not individually liable to it on that statutory claim.

12. Nor is Elsaifi personally liable on Bocchi's breach of contract claim.

13. For its failure to pay the outstanding invoices, CFM is liable to Bocchi for actual damages in the amount of $123,000.00, plus pre-judgment interest at the rate of 5%, and post judgment interest at the rate of 4.9%.  TEX. FIN. CODE §§ 304.003(c)(2), 304.103 (2006); 28 U.S.C. § 1961(a) (2006).

14. Bocchi is entitled to recover attorneys fees from Defendant CFM, under Tex. Civ. Prac. and Rem. Code § 38.001 et seq., in the amount of $38,400.00, and $7,500.00 in the event of an appeal.

15. Any conclusion of law deemed to be a finding of fact is hereby adopted as such.

16. The court's memorandum opinion is incorporated by reference so that all legal findings not repeated here are adopted with these itemized conclusions of law.

The Clerk shall enter this order and provide a true copy to all counsel of record.

SIGNED at Houston, Texas this 6th day of October, 2006.

MARY MILLOY
UNITED STATES MAGISTRATE JUDGE